NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MIGUEL JORGE GARCIA ARIAS,<br><br>        Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No. 23-975<br><br>Agency No.<br>A205-314-447<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 18, 2024**
Pasadena, California

Before: WARDLAW, PAEZ, and SANCHEZ, Circuit Judges.

Miguel Jorge Garcia Arias, a native and citizen of Mexico, petitions for

review the Board of Immigration Appeals' (BIA) decision affirming the

Immigration Judge's (IJ) denial of his petitions for asylum, withholding of

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group (PSG) is cognizable. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241–42 (9th Cir. 2020). We review findings of fact, including determinations of social distinction and eligibility under CAT, for substantial evidence. *Id.* at 1242; *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021). Where the BIA affirms the IJ's decision citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and also provides its own review of the evidence and the law, we review both the IJ's and the BIA's decisions. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). We deny the petition.

1.     The BIA did not err in holding that Garcia Arias's PSG, "Mexican nationals who have resided in the United States for an extensive period of time," is not cognizable. To establish a cognizable PSG, a petitioner must show the PSG is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Akosung v. Barr*, 970 F.3d 1095, 1103 (9th Cir. 2020) (internal quotation marks omitted). We have repeatedly held that the sort of PSG Garcia Arias proposes is not cognizable. *See, e.g., Barbosa v. Barr*, 926 F.3d 1053, 1059–60 (9th Cir. 2019) (concluding individuals returning to Mexico from the United States who are perceived as wealthy is too broad to qualify as a cognizable PSG); *Ramirez-Munoz*

2

*v. Lynch*, 816 F.3d 1226, 1228–29 (9th Cir. 2016) ("imputed wealthy Americans" who have "have the physical appearance and mannerisms of Americans" is not a cognizable PSG); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (per curiam) ("returning Mexicans from the United States" is too broad to be a cognizable PSG). Although Garcia Arias attempts to distinguish these cases on the basis that his proposed PSG focuses on time spent in the United States rather than a person's wealth, the rejected PSG in *Delgado-Ortiz* was not defined by wealth, and petitioners in that case had resided in the United States for nearly twenty years. 600 F.3d at 1150–52.

2. Substantial evidence supports the denial of relief under CAT. The record does not compel the conclusion that Garcia Arias would more likely than not be tortured if returned to Mexico. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022). Although Garcia Arias was the victim of a crime in 2007, the record evidence does not compel the conclusion that Garcia Arias faces a particularized risk of torture if he were removed to Mexico. *See Delgado-Ortiz*, 600 F.3d at 1152.

Garcia Arias argues that the IJ incorrectly focused only on the government's intent to torture, rather than government acquiescence in torture by non-governmental persons. Although the IJ focused on the government's actions, it also discussed the harm inflicted by private citizens. The BIA separately addressed

3

relief under CAT and properly applied the correct standard in finding that "the evidence does not show that the authorities of Mexico would consent or acquiescence to any harm that might befall [Garcia Arias.]" *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence"). To the contrary, Garcia Arias stated that he reported the kidnapping and the authorities were able to capture one of the kidnappers.

**PETITION DENIED.**